UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TIMOTHY KORNEGAY, | CASE NO. 12-CV-1616 JLS (MDD) |
|---|---|
| Plaintiff, | **ORDER (1) ADOPTING REPORT AND RECOMMENDATION; (2) OVERRULING PLAINTIFF'S OBJECTIONS; AND (3) GRANTING DEFENDANTS' MOTION TO DISMISS** |
| vs. | |
| D. BAILEY, et al., | |
| Defendants. | (ECF No. 14) |

Presently before the Court is Magistrate Judge Dembin's Report and Recommendation ("R&R") advising the Court to **ADOPT** the R&R and **GRANT** Defendants D. Bailey, A. Pope, and D. Savage's ("Defendants") Motion to Dismiss ("MTD") Plaintiff Timothy Kornegay's ("Plaintiff") Complaint. (ECF No. 14.) Also before the Court are Plaintiff's Objections to the R&R (ECF No. 20) and Defendants' Reply to Plaintiff's Objections (ECF No. 22). Having considered the parties' arguments and the law, the Court **ADOPTS** the R&R, **OVERRULES** Plaintiff's Objections, and **GRANTS WITHOUT PREJUDICE** Defendants' MTD.

**BACKGROUND**

Magistrate Judge Dembin's R&R provides a thorough and accurate summary of the factual and procedural background in this case. (R&R 2–3, ECF No. 14.) This Order incorporates by reference the facts as set forth in the R&R.

# LEGAL STANDARD

## 1. Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's R&R. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). However, in the absence of a timely objection, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

## 2. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

(quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions." *Id.* at 678–79. This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 679 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

When a plaintiff appears pro se, the Court construes the pleadings liberally and affords the plaintiff any benefit of the doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). When giving liberal construction to a pro se complaint, however, the Court is not permitted to "supply essential elements of the claim that were not initially pled." *Easter v. CDC*, 694 F. Supp. 2d 1177, 1183 (S.D. Cal. 2010) (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.* (quoting *Ivey*, 673 F.2d at 268). The Court should allow a pro se plaintiff leave to amend "unless the pleading could not possibly be cured." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (internal citations omitted).

## ANALYSIS

### 1. Summary of R&R's Conclusions

Regarding Plaintiff's Fourteenth Amendment claim, Magistrate Judge Dembin found that Plaintiff failed to plead a substantive due process claim because Plaintiff failed to plead a cognizable deprivation of an established liberty interest. (R&R 6, ECF

Case 3:12-cv-01616-JLS-MDD   Document 23   Filed 12/02/13   PageID.183   Page 4 of 9

No. 14.) While Petitioner claimed a liberty interest in his "Medium A" custody status and in his family visitation rights, the law does not recognize either of these as rights. (*Id.* at 6–7.) The magistrate judge also determined that Plaintiff failed to plead a procedural due process claim because Plaintiff admitted that he was given notice and a hearing before his custody status was changed, and Plaintiff did not contradict Defendants' allegations that Plaintiff was given the opportunity to be heard. (*Id.* at 7.)

Regarding Plaintiff's First Amendment claim, the magistrate judge found that, because Defendants did not contradict Plaintiff's claims that his chrono update was only supposed to determine whether he had remained free from disciplinary action, Defendants took adverse action against Plaintiff for repeatedly asking Defendant Bailey to update Plaintiff's family visit forms. (*Id.* at 9–10.) However, Plaintiff neither alleged any cognizable chilling effect or "more than minimal" harm nor explained how his status change failed to reasonably advance a legitimate correctional goal. (*Id.* at 10–12.) Thus, Plaintiff failed to plead a valid First Amendment retaliation claim. (*Id.* at 12.) The magistrate judge also found that Plaintiff's conspiracy claim failed because Plaintiff failed to allege any actual deprivation of a constitutional right, and that Defendants are protected by absolute immunity in their official capacities. (*Id.* at 12–13.) Accordingly, Magistrate Judge Dembin urged this Court to dismiss Plaintiff's Complaint. (*Id.* at 14.)

**2.    Objections to the R&R's Conclusions**

Regarding his Fourteenth Amendment claim, Plaintiff asserts that Defendants violated his substantive due process rights because he has a liberty or property interest in his "Medium A" custody status because "he earned it by programming and staying discipline free," and that he has the right to retain this status unless disciplinary action is taken against him. (Objs. to R&R 7–8, ECF No. 20.) He also asserts a liberty interest in family visitation, and objects that the magistrate judge "failed to construe Plaintiff's complaint to [*sic*] Defendants retaliated against Plaintiff." (*Id.* at 8.) Plaintiff objects to the R&R's procedural due process analysis "on the grounds that he is a pro se

- 4 -                                                                                                                              12cv1616

litigant." (*Id.*)

Regarding the fourth element of his First Amendment retaliation claim, Plaintiff argues "that he was chilled, in giving defendants 'fair notice,'" and that he "need only show that the adverse action at issue 'would chill or silence a prison [*sic*] of ordinary firmness from future First Amendment activities.'" (*Id.* at 12–13.) As to element five, Plaintiff says that the R&R "failed to note that Plaintiff only have [*sic*] about 2 Years before he [*sic*] parole." (*Id.* at 13.)

### 3. Reply to the Objections

Regarding substantive due process, Defendants argue that Plaintiff fails to address the R&R's determination that Plaintiff lacks a cognizable liberty interest. (Reply to Objs. 2, ECF No. 22.) Plaintiff only argues that he *should* have a liberty interest, and he fails to cite authority for this proposition. (*Id.*) As to procedural due process, Defendants claim that Plaintiff likewise fails to contradict the R&R's finding that Plaintiff alleged no procedural deficiencies, and instead Plaintiff only offers conclusory legal statements. (*Id.* at 2–3.) With regards to Plaintiff's retaliation claim, Defendants argue that Plaintiff alleges no facts showing that he was chilled, but instead asserts only a legal conclusion. (*Id.* at 3–4.) Further, Plaintiff does not show any flaw in the R&R's analysis of the fifth element, and instead "simply argue[s] that a different standard should have been applied to him." (*Id.* at 4.)

### 4. Analysis

Because Plaintiff only objects to the R&R's analysis of his Fourteenth and First Amendment claims, and because the R&R's analysis of Plaintiff's conspiracy claim is thorough, well reasoned, and contains no clear error, the Court **ADOPTS** that portion of the magistrate judge's R&R in its entirety.

### A. *Fourteenth Amendment Substantive Due Process Claim*

To properly plead a substantive due process claim, a plaintiff must allege a constitutionally protected liberty or property interest of which he may not be deprived, "regardless of the fairness of the procedures used." *Daniels v. Williams*, 474 U.S. 327,

1  331 (1986) (citations omitted). The Supreme Court has "rejected the notion that every
2  state action carrying adverse consequences for prison inmates automatically activates
3  a due process right." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Rather, in order
4  to establish that an action violates his substantive due process rights, a prisoner must
5  allege conditions that "'impose[] atypical and significant hardship on the inmate in
6  relation to the ordinary incidents of prison life.'" *Stevens v. Robles*, No. 06CV2072-
7  LAB (LSP), 2008 WL 667407, at *4 (Mar. 7, 2008) (quoting *Sandin v. Conner*, 515
8  U.S. 472, 483–84 (1995)).

9        Plaintiff argues that Defendants violated his substantive due process rights
10 because Plaintiff has a constitutionally protected interest in his "Medium A" custody
11 status and his family visitation rights. (Objs. to R&R 7–8, ECF No. 20.) However,
12 "California has not created liberty interests enforceable by prisoners in either
13 classification or in visitation." *Stevens*, 2008 WL 667407, at *6 (citations omitted).
14 The Ninth Circuit and the Southern District have repeatedly held that prisoners have no
15 liberty interest in a particular classification status. *See, e.g.*, *Hernandez v. Johnson*, 833
16 F.2d 1316, 1318 (9th Cir. 1987); *Parra v. Hernandez*, No. 08-CV-0191 H(CAB), 2009
17 WL 799065, at *7 (S.D. Cal. Mar. 24, 2009); *Adams v. Small*, No. 10cv1211-MMA
18 (POR), 2012 WL 296065, at *3 (S.D. Cal. Jan. 31, 2012) (citations omitted); *Stevens*,
19 2008 WL 667407, at *7 (citations omitted). Further, California prison regulations deem
20 visitation a privilege, not a right. *Stevens*, 2008 WL 667407, at *6 (citation omitted).
21 Plaintiff also does not allege any facts showing that the change in his classification
22 status or the deprivation of his family visitation rights affect him in any atypical way
23 or to a greater degree than the average inmate. Plaintiff, therefore, fails to establish that
24 he has a cognizable liberty or property interest in his classification status or his
25 visitation rights. Accordingly, the Court **ADOPTS** the R&R's determination that
26 Plaintiff's substantive due process claim must be **DISMISSED**.
27 **B.**    ***Fourteenth Amendment Procedural Due Process Claim***
28       Procedural due process requires notice and an opportunity to be heard prior to the

deprivation of a constitutionally protected liberty or property interest. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982). However, this Court has found that Plaintiff lacked a cognizable interest in either his classification status or his visitation rights. Moreover, Plaintiff admits that he received notice of the reclassification procedure and that a hearing was conducted before his custody status was changed. (Compl. 4A, ECF No. 1.) Nonetheless, Plaintiff objects to the R&R's procedural due process analysis because he is a pro se litigant, and the Court must construe his Complaint liberally and give him any benefit of the doubt. (Objs. to R&R 8–9, ECF No. 20.) Yet, no matter how liberally the Court construes Plaintiff's Complaint, it cannot give Plaintiff a right where none exists. Accordingly, the Court **ADOPTS** the R&R's conclusion that Plaintiff's procedural due process claim must be **DISMISSED**.

## C.     *First Amendment Retaliation Claim*

A First Amendment retaliation claim requires the prisoner to assert:

> (1) that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Construing the Complaint in the light most favorable to Plaintiff, the magistrate judge found that Plaintiff sufficiently pleaded the first three elements. (R&R 9–10, ECF No. 14.) Thus, only the fourth and fifth elements are before this Court.

### i.     *Fourth Element: Chilling*

Plaintiff points to pages 3A and 4A of his Complaint as containing the relevant allegations of chilling. (Objs. to R&R 12–13, ECF No. 20.) On page 3A, Plaintiff states that he was "chilled due to defendants D. Bailey, A. Pope and D. Savage retaliatory conduct [*sic*] by making plaintiff now ineligible for participation in the family visiting." On page 4A, Plaintiff alleges that he "has been chilled due to these defendants retaliatory conduct [*sic*] in making plaintiff now ineligible for participation in the family visiting."

Plaintiff, however, appears to misunderstand the meaning of the term "chilling."

Plaintiff seemingly equates "chilling" with more generalized harm—here, the loss of his family visitation rights. In the First Amendment context, however, Plaintiff needs to allege that Defendants' conduct would deter a person of ordinary firmness from engaging in further constitutionally protected speech. *See Sloman v. Tadlock*, 21 F.3d 1462, 1469 (9th Cir. 1994) (citation omitted). Yet, Plaintiff does not allege that Defendants' conduct would prevent the ordinary prisoner from requesting prison officials' action or from challenging the actions of prison officials. Rather, while Plaintiff addresses other ways in which Defendants harmed him, Plaintiff's Complaint is silent as to the effect of Defendants' actions on free speech. Plaintiff also fails to allege a "harm that is more than minimal" because Plaintiff fails to allege any legally cognizable injury as, for the reasons provided above, Plaintiff has no entitlement to a given custody status or to family visitation rights. Accordingly, Plaintiff fails to establish the fourth *Rhodes* element.

ii.     Fifth Element: Legitimate Penological Goal

Plaintiff seemingly argues that because Defendants previously found his "Medium A" status to be appropriate and because he only had two years left in his sentence, the change in status at this point in his incarceration did not reasonably advance a legitimate correctional goal. (Objs. to R&R 13, ECF No. 20.) Defendants, however, purportedly decided to change Plaintiff's custody status on the basis of California Code Regulations, title 15, § 3377.2(c)(2)(D). At the time of the filing of the Complaint and the happening of the actions alleged therein, this regulation provided that an inmate sentenced to a term of fifteen to fifty years who had an escape history "shall be assigned to no less restrictive custody than Close B Custody," without the possibility of a reduction of custody. (Mot. to Dismiss Ex. A, ECF No. 6-1.) According to Plaintiff's official prison records, his sentence at the time was twenty-seven years and eight months. (*Id.*) Plaintiff also had been convicted for an escape from jail with force. (*Id.*) Accordingly, per the plain terms of the regulation, Defendants lacked the discretion to assign Plaintiff to a less restrictive custody status than "Close B."

1   Further, upon changing Plaintiff's custody status, Defendants stated their belief
2 that allowing Plaintiff to retain his "Medium A" custody "would jeopardize the safety
3 and security of the institution as well as staff." (*Id.*)  "[P]rison security is a legitimate
4 penological purpose."  *Sims v. Veal*, No. CIV S-07-0890, MCE EFB P, 2009 WL
5 2868718, at *10 (E.D. Cal. Sept. 2, 2009) (citing *Rizzo v. Dawson*, 65 F.3d 802, 807 (9th
6 Cir. 1995)).  Thus, altering Plaintiff's custody status (and consequently revoking his
7 family visitation privileges) reasonably advanced a legitimate correctional goal.
8 Plaintiff, therefore, fails to establish the fifth *Rhodes* element.  Accordingly, the Court
9 **ADOPTS** the R&R's determination that Plaintiff's First Amendment retaliation claim
10 must be **DISMISSED**.

## CONCLUSION

12   For the reasons stated above, the Court: (1) **ADOPTS** the R&R in its entirety; (2)
13 **OVERRULES** Plaintiff's Objections; and (3) **GRANTS** Defendants' MTD.

14   Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff is
15 **GRANTED** forty-five (45) days' leave from the date this Order is electronically
16 docketed in which to file an Amended Complaint that cures all of the deficiencies of
17 pleading noted above.  Plaintiff's Amended Complaint must be complete in itself
18 without reference to the superseded pleading.  *See* S.D. CAL. CIVLR 15.1.  Defendants
19 not named and all claims not re-alleged in the Amended Complaint will be considered
20 waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's
21 Amended Complaint fails to state a claim upon which relief may be granted, it may be
22 dismissed without further leave to amend.

23   **IT IS SO ORDERED**.
24 DATED: December 2, 2013

Honorable Janis L. Sammartino
United States District Judge